**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAGDISH SINGH; GURWINDER KAUR; G.S.; M.K., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2316 <br><br> Agency Nos. <br> A240-631-957 <br> A240-631-958 <br> A240-631-959 <br> A240-631-960 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Jagdish Singh, his wife, and their two minor children, citizens of India, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, and denying Singh's applications for withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).  We review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).  We deny the petition for review.

Substantial evidence supports the denial of asylum based on the firm resettlement bar.  The government showed that petitioners had an offer of permanent resettlement in Italy.  *See Oscar v. Bondi*, 135 F.4th 777, 781 (9th Cir. 2025) ("If [a noncitizen] has received an offer of resettlement, it does not matter whether the [noncitizen] has allowed it to lapse—the focus is on whether the [noncitizen] received an offer, not whether the [noncitizen] accepted the offer.").  Petitioners did not rebut that showing.  *See id.*  Petitioners also did not show that an exception to the firm resettlement bar applies.  *See id.* (the noncitizen must "show that the nature of his stay and ties was too tenuous, or the conditions of his residence too restricted, for him to be firmly resettled." (quoting *Maharaj v. Gonzales*, 450 F.3d 961, 976–77 (9th Cir. 2006))).  Petitioners did not establish that their multiyear stay in Italy was merely "necessary for 'onward travel.'"  *Id.* (quoting 8 C.F.R. § 1208.15(a)).  They also did not show that the discrimination

---

[1] Singh's wife and children are listed as derivative beneficiaries on his application for asylum, and did not file their own applications for any form of relief.  Singh and his wife are natives and citizens of India; their children were born in Italy.

and unreported threats Singh faced amounted to "liv[ing] under a restriction" that meant the family was not resettled. *Id.*; *see also Aden v. Wilkinson*, 989 F.3d 1073, 1080 (9th Cir. 2021).

Substantial evidence supports the denial of withholding of removal. Substantial evidence supports the BIA's determination that Singh did not establish past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060–61 (9th Cir. 2021) (noting that persecution "is an extreme concept," and that among the factors courts consider is "whether the petitioner's harm was . . . part of an ongoing pattern of serious maltreatment"). Substantial evidence also supports the BIA's determination that it would be safe and reasonable for Singh to relocate within India, to one of several "Christian majority areas to avoid the harm they fear." *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (where the petitioner has not shown past persecution, he bears the burden of showing it would either be unsafe or unreasonable for him to relocate); *Singh v. Whitaker*, 914 F.3d 654, 660 (9th Cir. 2019) (discussing required showings and analysis for safe relocation); *see also Afriyie v. Holder*, 613 F.3d 924, 934–35 (9th Cir. 2010) (discussing factors for reasonableness of internal relocation).

Substantial evidence supports the denial of CAT protection. Singh did not show that he had been tortured in the past. *See Sharma*, 9 F.4th at 1067 (where petitioner's "past harm did not rise to the level of persecution, it necessarily falls

short of the definition of torture"). Singh also did not establish that he faces a particularized risk that he would more likely than not be tortured if returned to India. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture.").

**PETITION FOR REVIEW DENIED.**